And we'll move to the second case, which is Continental v. Kozlowski, 20-13133. All right, I've got Mr. Sperl for the appellants, Mr. Greenberg for the appellees. Mr. Sperl, no hurry, but whenever you're settled and ready to go, fire away. All right. Good morning, your honors, and may it please the court. My name is Andrew Sperl. I'm representing the plaintiff's appellants in this case. This case presents the specific issue of whether a sufficient number of predicate acts can be attributed to Mr. Hills, such that the RICO claim against him can proceed to the finder of fact. Mr. Hills was part of a complex enterprise that was basically a bribes-for-contracts scheme, and the issue here is whether he committed enough predicate acts in furtherance of that, or rather whether enough predicate acts can be attributed to him in furtherance of that, such that summary judgment should not have been granted. That was the only basis upon which the district court granted summary judgment was the number of predicate acts Mr. Hills did move for summary judgment on the RICO claim on other bases, but the sole basis for the district court's decision was the number of predicate acts. And really, the basis for that decision was not so much whether there was insufficient evidence to establish what Mr. Hills had done. It was more that the district court held plaintiffs to a pleading standard that was really too high and unsupported by the law on looking back at whether those predicate acts were sufficiently alleged in the complaint. Can I ask you a question? We're just here on the RICO claims, correct? That's correct, Your Honor. There's no challenge to the summary judgment on the state law claims? No, there's not. And actually, just to close the loop on that procedurally, the state law claims were dismissed not at summary judgment, but subsequently, because after the dismissal of the RICO claim, there was no longer a federal subject matter jurisdiction. And so the district court declined to exercise jurisdiction. We're only here on the RICO claim? Correct. So the issue on appeal here is really fairly narrow. Despite the standard that the district court employed, it nonetheless did find that Mr. Hills committed one predicate RICO act that was alleged in the complaint. In particular, it found that he participated in the creation of and he sent a false qualification statement to Continental regarding Westcorp. And Westcorp was, of course, the front company that he basically had set up at the direction of Albertelli. So you need one of the remaining three, right? You need one of either the bribery or the wire frauds, right? So maybe we should just kind of march through them systematically. Sure. And before I do that, I would just note, and if we don't get there, this isn't a brief. Another way to get there is also to show participation in a RICO conspiracy. But I think an easier way to get there might be, as you suggested, to march through some of these other predicate acts that are alleged in. One quick question on the conspiracy before we start marching through. So you say in your briefing that listing Hills as a non-defendant in count one, which dealt with conspiracy, was a clerical error. But later, the funds clarified in response to Hills' motion for summary judgment that you were not alleging count one against Hills. So isn't leaving Hills out of count one, which is the conspiracy count, an intentional decision? So I would say that there's a difference between, and I realize that this is slicing things a little bit finely in terms of the way that this was pleaded. There were factual allegations in count one, which was the RICO count that was initially pleaded against everyone. There were factual allegations in there that relate to Hills, and clearly established facts as relate to Hills. Those were incorporated by reference into count 22, and we kind of marched through this in our brief, which were incorporated by reference into count 24, which was the RICO count against Hills. Hills was added in the fourth amended complaint, and so counts 22 through 24 were added at that point. So when we said we're not asserting count one against Hills, that's not to say that the factual allegations in count one that relate to Hills don't exist anymore. It's to say that the basis for our relief, the legal claim for relief against Hills is in count 24. And if you look at the incorporation of the factual allegations in count one by reference into count 24, that's how we get there. Describing Hills as a non-defendant in count one, I think, was just an artifact of the fact that that count was drafted and was part of a version of the complaint that existed before Hills was a defendant. But you think with that slicing it that thin, that Hills knew you were alleging a conspiracy against him? I do think so. There are conspiracy allegations that describe this enterprise as a conspiracy in paragraphs 52, paragraph 7, 15. And in paragraph 482, which is in count 24, we make clear that we're alleging that Hills is part of the same corrupt enterprise as the other defendants. So I think that that is sufficient to put Hills on notice. Isn't there a difference between a conspiracy? Didn't the trial court find that you didn't allege a conspiracy against him and you couldn't travel under that theory? The trial court did find that. I would note that the trial court also, in ruling on a motion to dismiss a previous version of the complaint, because it was asserted that count one of the previous version of the complaint was a shotgun pleading because it included both substantive and conspiratorial allegations. And the district court actually rejected that characterization and said that it wasn't a shotgun pleading. I would submit that the district court, having ruled that way once to say that you can put substantive and conspiratorial allegations into one count, it would be inappropriate to then say later on with respect to Hills, no, you can't do that in count 24 without being more specific than what I've already said is specific enough. Unless you have more questions on conspiracy, I'll move on to getting to some of these other predicate acts. I think that the easiest way to get there, if you will, is to look at some of the actions that Hills took to commit active concealment. One example that stands out is the sending of an email in March of 2016 in which, at the direction of Albert Telly, he falsely represented experience that West Court did not have in Colorado. It couldn't have had the experience because West Court wasn't formed until 2015. So, I mean, I guess you know the question I'm about to ask. When you allege the three predicate acts, the March email is just not in there. Sure. So the March email is not in paragraph, I think it's 483 that lists those predicate acts. That March email is very specifically identified elsewhere in the complaint. It's in paragraphs 102 to 107 of the complaint. It's also referenced in- But count 24 doesn't reference that. Count 24 just references, on paragraph 481, the fraudulent actions of Gregory Hills described in count 22. And that doesn't go back to the paragraph that you were just talking about. So I think the paragraphing that I referenced was incorporated into 22 at 461. I believe those paragraphs were incorporated in. But, I mean, isn't there some obligation in drafting this complaint? I mean, like when you say Hills committed RICO predicate acts by 1, 2, 3, and the March email is not in there. I mean, isn't the defendant entitled to think that he has been notified that he is alleged to have committed three predicate acts? And here they are. Well, so I guess I would answer that in a couple of ways. One is he did commit the predicate RICO act of actively concealing Albertelli's involvement in Westcourt. This was part of that. Yeah, I mean, so you say here, but the complaint doesn't say that really, right? Well, the complaint talks about the actions that he took to establish this false narrative about Westcourt, which was necessary to conceal Albertelli's involvement. If it wasn't for this false narrative, if he was completely true about this company being formed in 2015, the question would naturally arise, where did it come from? Who's backing it? So you have to create this narrative in this email, which is specifically identified in the complaint. He knew that this email existed and that that was part of the case. There's no doubt about that. The only issue is whether or not it needs to be called out in the paragraph that says, here's the predicate acts. The district court, Mr. Hills, as far as I know, haven't seen a case that says you have to put it in the paragraph that lists the predicate acts, as long as you do specifically allege it in the complaint. It was very specifically alleged here. Mr. Hills didn't move to dismiss on this basis. He didn't ask for a more definite statement about what's meant by active concealment. Why would you ask for a more definite statement when you have a paragraph that says, Hills committed RICO predicate acts by 1, 2, 3, and what else do you need for specificity? Well, he didn't. If you had just said he committed predicate acts, period, then I would say, yes, he needed to do a motion asking for specificity. But here you're very specific as to what the predicate acts are. I mean, what more could he have done? Well, I guess the issue then is just whether or not this is one of those predicate acts. So are you now saying not that it didn't need to be listed in 24, but that, in fact, it sort of like is implicitly listed in 24? It is listed, because otherwise, put differently, if we're going to say that active concealment is not an adequate specification of a predicate act, then that's basically saying that's a nullity in the complaint. So which of the three, where would you try to locate the March predicate act? So I would locate it. Not one, clearly, because that's about bribery, right? Right. I would locate it in, and I'm going to throw the, well, I would locate the March email in with active concealment of Albertelli's involvement in West Corp. And it's also related as sort of a follow-up to this qualification statement that was sent. So does the March 2 email have anything to do with Albertelli's, concealing Albertelli's involvement? I thought the March 2 email was just about like, yeah, I really haven't done anything in Denver, but here is what I did in Denver. Right. So the March email was intended to basically create this impression of West Corp. as a company that had existed for a long time, because otherwise the question would be where did this company come from, and the answer would be Albertelli. So this had to be created. I mean, I would note also that if this type of evidence were developed and came out at trial, it's something that through Rule 15 the pleadings could be amended to conform with the evidence. You wouldn't say you can't talk about this at trial. So I would also submit that this is sort of contrary to the liberal amendment that is in Rule 15. Can I ask one quick question about the bribery predicate? Do you concede that the fund's only evidence of the alleged bribery RICO predicate is that Hills was aware of the underlying bribe payments? Well, so there's a lot of evidence of the bribery. Do you mean is that the only evidence that connects Hills? That Hills is connected to it, that he knew. From the evidence and from what we've seen in the record, there's an indication that Hills knew the payments were happening. Is that the only connection you have that links Hills to the bribery? Well, it's that and it's also the fact that his acting as a front man for this company was really necessary to keep that scheme going because by that time, Continental wasn't awarding business to Albertelli. The only way to keep this going was through front companies. And so he was essential to keeping that piece of the enterprise going. Okay, very well. You've reserved three minutes for rebuttal. Mr. Greenberg, let's hear from you. Thank you, Your Honors. Good morning. I'm Alan Greenberg for the Apolli Gregory Hills. May it please the court. There are numerous problems with the RICO pleading and proof in this case, which is why the district court granted summary judgment. The court has already discussed this morning some of those issues. The district court was correct in finding that there's only one, that there's not more than one. We would question whether even there's one, but that there's not more than one predicate act committed by Mr. Hills that they have evidence of that would create a genuine issue of tribal issue of fact. And so even that, and then I just want to observe that the court really, the district court really almost didn't go far enough in granting the summary judgment. The court didn't reach the issue of causation. There's a causation issue that really goes back to the language of the RICO statute, that it seemed that the court, if anything, was really giving an easier path to the plaintiffs than they needed, and they still couldn't make it even on that easier path. And what I mean by that is that the court gave the plaintiffs the benefit of the doubt that there was a sufficient allegation of a pattern of racketeering activity based on the conduct of others, not Mr. Hills. And we would submit that there needed to be a pattern of racketeering activity by Mr. Hills in order for the plaintiffs to recover against Mr. Hills under 1962C, the language of which clearly requires that the individual employed by the enterprise conduct the affairs of the enterprise or participate in the conduct of the affairs of the enterprise through a pattern of racketeering activity. And so the focus should be under 1962C on Mr. Hills' conduct and whether there's sufficient evidence of a pattern of racketeering activity. Now, one of the things that you would need to establish that would be more than one predicate act, but just having more than one predicate act does not establish a pattern necessarily. And the argument was made below by Mr. Hills that there was not sufficient closed-end continuity. So the district court really, I think, unnecessarily gave leeway to the plaintiffs on that issue that really wasn't established. And the court did not reach the issue of causation in which the court, if it had reached that issue, would have to have granted summary judgment anyway in that it's incumbent upon the plaintiffs to prove that they were injured in their business or property by reason of violation of 1962C by Mr. Hills. And they really had no evidence, and this was pointed out in the motion, they had no evidence that they were harmed or damaged in their business or property by any pattern of racketeering by Mr. Hills. And so if they even would be able to establish one, which they did not. And so all they really did on causation was to say that they say in argument that they did not or would not have done business with Westcorp if they knew the truth about Westcorp, that it was a new company associated with David Albertelli. So you're saying that causation would provide another avenue for us to say that the district court got the ruling right, but for a different reason. Correct, because the district court never even reached that issue. But I think that it would be important in the event that this court were to second-guess the district court on the other issues that we would still have to take up this issue of causation. Well, are you suggesting that if we were to agree with opposing counsel on the issues that he's raising today, that we should reach causation or should we remand it to the district court so that it could rule on it in the first instance? I believe this court can do that. It is a de novo standard, and I think that this court can affirm the judgment on any basis in the record. It does not have to be the basis on which the district judge ruled, because the record is contained within the four corners of what was presented, and it is a de novo standard. So the issue on causation, they really did not even submit any admissible evidence that they would not have done business with West Corps. The only evidence that they submitted was an affidavit from Paul Seifert, their chief legal officer who was not involved in any of the underlying facts, and he said he's familiar with how the company operates and they would not have. And that's just not a sufficient showing of personal knowledge. They have people there, obviously, who would have the ability to speak from personal knowledge to say I would have done X or I would not have done Y, and none of those people submitted any testimony. And so we pointed that out to the district court, and the district court did not need to reach that issue, but we would submit that that independently is a reason to affirm. Unless the court has any questions for me, I think I've covered it. Okay. I think we're good. Thank you very much. Thank you, Your Honors. Mr. Sperl, you've got three minutes of rebuttal time remaining. Thank you, Your Honor. Just to address briefly a couple of those points. I mean, first of all, with respect to continuity, I mean that's obviously not something that Mr. Hills has challenged on appeal or has asserted in the briefing as an alternative grounds for affirmance. The district court made that decision, and Mr. Hills really hasn't questioned it. With respect to the issue of causation, I'd note a couple of things on that, because especially going back to the briefing, there were a couple of different causation arguments made. One is this issue of whether or not Continental would have continued doing business with Abertelli at all in the absence of this front company. I would submit, first of all, the declaration that we submitted to the district court, it is admissible, and the declaration is something that the district court can rely upon in finding that there's sufficient fact. Whether or not the extent of Mr. Seifert's knowledge is certainly something that he could eventually be cross-examined regarding, but it definitely creates a genuine dispute of fact, and that's particularly true when you look at the fact pattern as a whole. I mean, it certainly is consistent with the conclusion that if you look at all the evidence, why would all the trouble have been gone to to create these front companies if it wasn't necessary as the only way to have Continental keep giving business to Abertelli? With respect to the issue of proximate causation, which was addressed in the briefing, Mr. Hills posited this difference between loss causation and transaction causation. To me, that's something that really comes more from the financial transactions context when you're talking about securities type of thing. It really boils down to proximate cause and cause in fact, and here we have both. We have cause in fact because, for the reasons I've just said, Continental wouldn't have kept doing business with Abertelli if they'd known that he was behind Westcorp, and there is also proximate cause. The damages that were incurred were damages from bad construction, from delays in construction, and those are exactly the types of damages that you would expect to occur from hiring an unqualified company that's run by someone that you won't do business with because they've performed poorly in the past, and that is the touchstone for proximate causation. Unless you have any further questions for me, that's all of my points, and I thank you for your attention. Very good. Thank you both very much. Thank you. That case is submitted.